IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

WILLIAM DUANE LEWTON, et al.,    )
    )
        Plaintiffs,    )
    )            **8:09CV2**
       vs.    )
    )   **MEMORANDUM AND ORDER**
DIANNA DIVINGNZZO, et al.,    )
    )
        Defendants.    )

This matter is before the magistrate judge pursuant to 28 U.S.C. § 636 and the consent of the parties on plaintiffs' Motion to Compel discovery (Doc. 65) from defendants, Dianna Divingnzzo and Sam M. Divingnzzo.  The defendants did not respond to the motion.  The plaintiffs have complied with the requirements of NECivR 7.0.1(i) and Fed. R. Civ. P. 37(a)(1).

The court finds that the motion should be granted.

## I.  BACKGROUND

The Amended Complaint (Doc. 63) alleges that William Duane Lewton ("Lewton") and Dianna Divingnzzo are former spouses and are the parents of a minor child, Ellenna.  Defendant Sam M. Divingnzzo is the biological father of Dianna Divingnzzo.  In a divorce decree entered in May 2004, Dianna Divingnzzo was awarded the sole care, custody and control of Ellenna, subject to Lewton's rights of reasonable and liberal visitation.

In October 2007, Lewton filed a complaint seeking custody of Ellenna (the "Custody Case").  Subsequently, Dianna Divingnzzo and Sam Divingnzzo (together, "Divingnzzos") inserted a recording device inside Ellenna's teddy bear and secretly intercepted communications between or

among Ellenna and the plaintiffs, and/or between or among the plaintiffs themselves without Ellenna's participation.  The recordings were made without the plaintiffs' knowledge or consent.

The recordings occurred over a period of several months.  Divingnzzos brought the recordings to the attention of Dianna Divingnzzo's attorneys for use as evidence in the Custody Case and provided them to counsel in a digital format using CD-ROM data storage discs.  Dianna Divingnzzo's attorneys had the recordings copied and transcribed, and supplied copies of the CDs and transcripts to Lewton's attorney in the Custody Case.  Lewton first discovered the existence of the recordings when they were delivered to his attorney on June 2, 2008.  The following day, the Sarpy County District Court held that there were no applicable exceptions to the Nebraska Telecommunications Consumer Privacy Protection Act, the recordings were illegally obtained, the conduct of Dianna Divingnzzo and Sam Divingnzzo amounted to a Class IV felony under Nebraska law, and the recordings were inadmissible in the Custody Case.

Based on these allegations, plaintiffs have asserted claims against the defendants pursuant to the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*  Plaintiffs also seek statutory damages[1] and damages for invasion of privacy and mental suffering.

In their joint answer (Doc. 72), Divingnzzos admit that Dianna Divingnzzo inserted a recording device inside Ellenna's teddy bear.  They allege that, as mother and custodian of Ellenna, Dianna gave vicarious consent on behalf of Ellenna to the recordings.  Allegedly, Sam Divingnzzo did not know of the recording device until "after the fact."  When Sam Divingnzzo discovered the

---

[1] *See* Neb. Rev. Stat. § 86-297 (Reissue 2008).

recordings[2], he relied upon Dianna's vicarious consent.  The defendants admit that Dianna provided her attorney(s) in the Custody Case with CD-ROMs and typewritten transcripts of what were full recordings and edited portions of the recordings.  Divingnzzos deny all liability. They affirmatively allege that they relied on advice of counsel in the Custody Case; the plaintiffs waived any objections and impliedly consented to the recordings due to actions taken in the Custody Case; the recordings were made for the purpose of protecting Ellenna; they are immune from liability because they had a legal obligation to protect Ellenna; Lewton has waived his rights because he has been abusive to the Dianna and Ellenna; the Divingnzzos are entitled to invoke "the defense of choosing the lesser of two harms"; and the applicable state and federal statutes are unconstitutional as applied in this instance because the statutes subject a parent to criminal and civil sanctions despite a parent's responsibility to protect and the parent's right to make decisions on behalf of a child.

## II.  LEGAL ANALYSIS

Under Fed. R. Civ. P. 26(b)(1), the parties to a lawsuit may obtain "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."  Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  *Id*.  "Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the

---

[2] Dianna Divingnzzo's response to Interrogatory No. 22 indicates that Sam Divingnzzo prepared typewritten transcripts of the recordings.

information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

The court has reviewed the plaintiffs' discovery requests, which are attached to the motion. The requests all seek in formation relevant to the parties' claims and defenses.

## A. Signature & Oath Requirements

Under Fed. R. Civ. P. 33(b)(3), "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Rule 33(a)(2). If a party objects to an interrogatory, the grounds for objection must be stated with specificity. Rule 33(b)(4). "The person who makes the answers must sign them, and the attorney who objects must sign any objections."

In this case, none of the interrogatories were made under oath or signed by the persons purportedly making the answers. This fundamental deficiency is sanctionable.

> Rule 33(b)(5) could not be more clear: "The person who makes the answers must sign them, and the attorney who objects must sign any objection." Fed. R. Civ. P. 33(b)(5). This requirement is critical because "interrogatories serve not only as a discovery device but as a means of producing admissible evidence; there is no better example of an admission of a party opponent, which is admissible because it is not hearsay, than an answer to an interrogatory." *Melius v. Nat'l Indian Gaming Comm'n*, 2000 WL 1174994, at *1 (D.D.C. July 21, 2000) (internal citation omitted).

*Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008); *accord Mosley v. Wyeth, Inc.*, 2010 WL 761321 at *8, Case No. 09-0284 (S.D. Ala. Mar. 3, 2010). "Requiring a party to sign interrogatory responses under oath serves the critical purpose of ensuring that the responding party attests to the truth of the responses.... An attorney's communication, email or otherwise, does not do that, even assuming,

-4-

arguendo, that the attorney's statements provide information responsive to the interrogatory."

*Villareal v. El Chile, Inc.*, --- F.R.D. ----, 2010 WL 725557 (N.D. Ill. Mar. 1, 2010) (citation

omitted).

The Divingnzzos will be required to sign their answers to interrogatories, under oath, as

required by Rule 33(b)(5).  If they fail or refuse to do so, they will be subject to monetary sanctions,

evidentiary sanctions, or both, pursuant to Fed. R. Civ. P. 37(b)(2).[3]

Turning to the substance of the Divingnzzos' purported responses to plaintiffs' interrogatories,

the Divingnzzos are advised that they

> must provide true, explicit, responsive, complete, and candid answers to
> interrogatories....  If a party is unable to supply the requested information, the party
> may not simply refuse to answer, but must state under oath that he is unable to
> provide the information and "set forth the efforts he used to obtain the information."
> ....  It is axiomatic that the purpose of discovery is to make a trial "less a game of
> blind man's bluff and more a fair contest with the basic issues and facts disclosed to

---

[3]Fed. R. Civ. P. 37(b)(2)(A) provides an array of sanctions which the court may impose for a party's
failure to timely provide discovery.  The rule provides:

If a party or a party's officer, director, or managing agent — or a witness designated under Rule
30(b)(6) or 31(a)(4) — fails to obey an order to provide or permit discovery, including an order
under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.
They may include the following:

  (i)  directing that the matters embraced in the order or other designated facts be taken as
     established for purposes of the action, as the prevailing party claims;

 (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses,
     or from introducing designated matters in evidence;

(iii)  striking pleadings in whole or in part;

(iv)  staying further proceedings until the order is obeyed;

 (v)  dismissing the action or proceeding in whole or in part;

(vi)  rendering a default judgment against the disobedient party; or

(vii)  treating as contempt of court the failure to obey any order except an order to submit to a
     physical or mental examination.

the fullest practicable extent possible," ..., as well as to narrow and clarify the issues in dispute.

*Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (citations omitted).  Under Fed. R. Civ. P. 37(a)(4), "an evasive or incomplete disclosure, answer or response must be treated as a failure to disclose, answer, or respond."

On numerous occasions, Sam Divingnzzo responded to interrogatories and requests for production of documents as "not applicable."[4]  Such a response is not acceptable.  *See, e.g., In re Master Key*, 53 F.R.D. 87 (D. Conn. 1971).  "Not applicable" is not a recognized objection.  The plaintiffs and the court should not have to guess as to what the defendant might mean regarding the phrase "not applicable."  *See, e.g., Cerniglia v. Carona*, 2010 WL 1328923 at *2, Case No. 09cv00651 (E.D. Cal. Apr. 5, 2010).  Since Sam Divingnzzo did not timely raise any valid objection to any discovery request to which he or his attorney responded "not applicable," all objections are deemed waived.  *See Hall v. Sullivan*, 231 F.R.D. 468, 474 (D. Md. 2005).

In other instances, the Divingnzzos failed to provide proper responses to the plaintiffs' contention interrogatories.  The term "contention interrogatories" may encompass several types of questions.  For example,

> They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts. *They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations.*

---

[4] *I.e.*, Sam Divingnzzo's responses to Interrogatories Nos. 7, 9, 11 and 14 and responses to Document Requests Nos. 2, 3, 5, 11 and 12.

*In re Grand Casinos, Inc., Sec. Litig.*, 181 F.R.D. 615, 618 (D. Minn. 1998) (quoting *McCarthy v. Paine Webber Group, Inc.*, 168 F.R.D. 448, 450 (D. Conn. 1996)) (emphasis added by Minnesota court).  True contention interrogatories may be helpful "in that they may narrow and define the issues for trial and enable the propounding party to determine the proof required to rebut the responding party's claim or defense."  *Moses v. Halstead*, 236 F.R.D.  667, 674 (D. Kan. 2006).

In this case, plaintiffs' interrogatories to both the Divingnzzos included these questions pertaining to Divingnzzos' affirmative defenses:

> Interrogatory No. 10:  State whether you claim any of the Plaintiffs had no expectation of privacy in the intercepted communications.  If so, provide the facts on which such claim is based.

> Interrogatory No. 26:  Please state whether you claim any of the Plaintiffs consented to interception of the communications.  Provide the facts on which the claim is based.

The defendants did not answer the questions, responding to the effect that they did not know what the plaintiffs were thinking or whether the plaintiffs had an expectation of privacy or consented to the interceptions, but if they were parents they would want to protect their children.

The Divingnzzos are hereby ordered to answer these  interrogatories.  If they fail or refuse to do so, they will be prohibited from presenting or arguing any defenses to the effect that the plaintiffs had no expectation of privacy in the intercepted communications or that the plaintiffs consented to interception of the communications.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

The Divingnzzos' pleadings and other writings are rife with allegations that the plaintiff was or might have been abusing Ellenna; however, the Divingnzzos appear to be unwilling or unable to identify any specific incidents.  When asked in Interrogatory No. 20 to describe any alleged abuse,

-7-

dates of occurrence, treatment sought, care providers, and the like, Dianna Divingnzzo vaguely remarked that "some" of the incidents were contained in the tapes, and the plaintiff already had the information as the result of the Custody Case.  Sam Divingnzzo responded to the same interrogatory (No. 21) by stating that the plaintiffs should refer back to Dianna's answer to her Interrogatory No. 20.  The court finds that neither defendant has answered this interrogatory.  If they fail or refuse to answer, they will be subject to evidentiary and other sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A).

In response to Interrogatory No. 25, Dianna Divingnzzo merely referred back to her response to Interrogatory No. 20, which she did not properly answer, thus failing to satisfactorily "state each basis for alleging [she] had a good faith, reasonably objective belief" to record the plaintiffs' conversations.  Sam Divingnzzo's response to the same interrogatory (No. 27) vaguely refers back to the pleadings and to "Dianna Divingnzzo's answers to your discovery requests."  When asked in Interrogatory No. 27 to "state each basis for alleging that [she] could vicariously consent" to the recordings on behalf of Ellenna Lewton, Dianna Divingnzzo vaguely asserted her rights and duties as a mother and remarked that there were "state and federal cases dealing with parental rights as well as vicarious consent."[5]  Ms. Divingnzzo's purported responses to Interrogatories No. 25 and 27 are the equivalent of no responses.  If Ms. Divingnzzo fails or refuses to answer Interrogatories Nos. 25

---

[5]Likewise, Sam Divingnzzo responded to Interrogatories Nos. 28 and 29 (which asked him to state the basis for alleging that he relied on Dianna's vicarious consent and to describe each basis for his assertion that the recordings were necessary to protect Ellenna and failure to protect Ellenna would have been a violation of law) by denying that he placed the recording device and "even though I am not an attorney, I know that you have to protect your children."  Since these responses are evasive and incomplete, the court finds that Sam Divingnzzo has failed to answer these interrogatories.

and 27, she will be precluded at trial from raising any defenses based on "vicarious consent" or "good faith, reasonably objective belief[s]."

Neither of the Divingnzzos properly responded to interrogatories requesting information concerning "each person whom [they] believe has knowledge of any facts which support or refute the allegations of either party." (Interrogatory No. 17 to Sam Divingnzzo; Interrogatory No. 16 to Dianna Divingnzzo). They are hereby ordered to answer these Interrogatories and provide all of the information requested. If they do not do so, they will be subject to evidentiary sanctions pursuant to Fed. R. Civ. P. 37.

In other instances, the Divingnzzos responded to interrogatories and requests for production by referring to their joint answer and/or unspecified documents or items that were produced in the Custody Case. *See, e.g.*, Dianna Divingnzzo's responses to Document Requests Nos. 1, 2, 6, 9, 10, 11, and 14, and Dianna Divingnzzo's answers to Interrogatories Nos. 11, 13, 20, 25, 28 and 29. The defendants' vague references to documents from the "2004 Sarpy County Case" are meaningless.

In summary, the obligation to conduct discovery in good faith is taken seriously in federal court. Under Fed. R. Civ. P. 26(g), the attorney or party providing discovery must sign the disclosures, "thereby certifying that 'to the best of the signer's knowledge, information, and belief, formed after a ***reasonable inquiry***, the disclosure is complete and correct as of the time it is made.'" *Sender v. Mann*, 225 F.R.D. 645, 650 (D. Colo. 2004) (emphasis in original). The parties must conduct a reasonable inquiry into the factual basis of their responses to discovery. Based on that inquiry, a party responding to a discovery request "is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control."

-9-

*McElgunn v. CUNA Mut. Group*, 2008 WL 2717872 at *2, Case No. 06-5061 (D.S.D. July 10, 2008).[6]

The Divingnzzos' answers to interrogatories are all deficient in that they are not properly signed or made under oath.  *See* Fed. R. Civ. P. 33(b)(3).  The discovery responses otherwise discussed in this Memorandum and Order are evasive and unresponsive.

As to the requests for production of documents, Rule 34(a) contemplates production of responsive materials, within the scope of Rule 26(b), which are in the possession, custody or control of the responding party.  Due to the language used in the Divingnzzos' responses, it is patently unclear whether all responsive documents have been produced or whether they have conducted a good-faith and diligent search for responsive materials.  I will, therefore, require the Divingnzzos to serve amended responses to the document requests designated in plaintiffs' Motion to Compel indicating (a) whether responsive documents do or do not exist and (b) whether all responsive documents have been produced after a diligent and good faith effort to locate and identify responsive materials.  In this regard, the Divingnzzos are cautioned that they are expected to "broadly and liberally" construe the term "responsive."

### III.  COSTS AND ATTORNEY'S FEES

Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel discovery is granted, or if requested discovery is provided after a motion to compel or sanction is filed, sanctions must be awarded to the moving party absent a showing of good cause for the non-disclosure by the opposing

---

[6] Dianna Divingnzzo's response to Interrogatory No. 34 is inadequate in this regard.

-10-

party.  A party against whom a motion to compel is enforced may only avoid payment of sanctions by demonstrating that its position is substantially justified, or that other circumstances make an award of expenses unjust.  *See Rickels v. City of South Bend*, 33 F.3d 785, 787 (7th Cir. 1994). Here, the Divingnzzos did not respond to the motion to compel and have not demonstrated that their failure to timely provide discovery was substantially justified or that other circumstances make an award of expenses unjust.  The Divingnzzos are cautioned that failure to comply with this order and failure to supplement their responses to plaintiffs' discovery requests may have very serious consequences.  Rule 37 of the Federal Rules of Civil Procedure provides an array of sanctions the court may impose for a party's failure to obey a court's discovery order, including payment of costs and attorney's fees and/or the court striking their pleadings, placing them in default, and entering a default judgment against them.

## ORDER

**IT IS ORDERED** that plaintiffs' Motion to Compel (Doc. 65) is granted, as follows:

1.  Defendants, Dianna Divingnzzo and Sam Divingnzzo, have waived all objections to the Interrogatories and Requests for Production of Documents that are the subject of this motion.

2.  Defendants, Dianna Divingnzzo and Sam Divingnzzo, are given until the close of business on **May 14, 2010** to serve complete responses to all of the plaintiff's interrogatories and requests for production of documents.  The responses must be signed and must, in all respects, comply with the requirements of Fed. R. Civ. P. 33 and 34.  Further, the Divingnzzos's amended responses to the document requests designated in plaintiffs' Motion to Compel shall specifically indicate (a) whether responsive documents do or do not exist and (b) whether all responsive

-11-

documents have been produced after a diligent and good faith effort to locate and identify responsive materials.

3.   Defendants, Dianna Divingnzzo and Sam Divingnzzo, are given until **June 1, 2010** to file a Response to this Memorandum and Order, showing cause why the plaintiffs should not be awarded reasonable costs and attorney's fees incurred in bringing this motion to compel, in accordance with Fed. R. Civ. P. 37(a)(4)(A).

**DATED April 21, 2010.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**

-12-