IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM DUANE LEWTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 8:09CV2 |
| vs. ) | |
| ) | MEMORANDUM |
| DIANNA DIVINGNZZO, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

This matter is before the magistrate judge by consent of the parties on the motion of defendants, Dianna Divingnzzo and Sam M. Divingnzzo

> for an Order declaring 18 U.S.C. 25:10 et sec and Neb. Rev. Stat. 86-2103 et sec unconstitutional as applied to the Defendants Divingnzzo for the reason that the statutes clearly did not desire to curtail the activities of a concerned parent to protect their child, therefore violates equal protection and due process; or in the alternative is unconstitutional as applied to Defendants Devingnzzo.

(Doc. 60). No party has filed any response to this motion. The court finds that the motion should be denied. The Attorney General of the United States and the Attorney General of the State of Nebraska were given notice of Divingnzzos' constitutional challenges and declined to intervene in this matter. *See* 28 U.S.C. § 2403(a) & Fed. R. Civ. P. 5.1.

## I. BACKGROUND

The Amended Complaint (Doc. 63) alleges that William Duane Lewton ("Lewton") and Dianna Divingnzzo are former spouses and are the parents of a minor child, Ellenna. Defendant Sam M. Divingnzzo is the biological father of Dianna Divingnzzo. In a divorce

decree entered in May 2004, Dianna Divingnzzo was awarded the sole care, custody and control of Ellenna, subject to Lewton's rights of reasonable and liberal visitation.

In October 2007, Lewton filed a complaint seeking custody of Ellenna (the "Custody Case"). Subsequently, Dianna Divingnzzo and Sam Divingnzzo (together, "Divingnzzos") inserted a recording device inside Ellenna's teddy bear and secretly intercepted communications between or among Ellenna and the plaintiffs, and/or between or among the plaintiffs themselves without Ellenna's participation. The recordings were made without the plaintiffs' knowledge or consent. Divingnzzos admit that Dianna Divingnzzo inserted the recording device inside Ellenna's teddy bear.

The recordings occurred over a period of several months. Divingnzzos brought the recordings to Dianna Divingnzzo's attorneys for use as evidence in the Custody Case. Divingnzzos provided the recordings to counsel in a digital format using CD-ROM data storage discs. Dianna Divingnzzo's attorneys had the recordings copied and transcribed, and supplied copies of the CDs and transcripts to Lewton's attorney in the Custody Case. Lewton first discovered the existence of the recordings when they were delivered to his attorney on June 2, 2008.

The following day, the Sarpy County District Court held that the recordings were illegally obtained, there were no applicable exceptions to the Nebraska Telecommunications Consumer Privacy Protection Act, the conduct of Dianna Divingnzzo and Sam Divingnzzo

amounted to a Class IV felony under Nebraska law[1], and the recordings were inadmissible in the Custody Case.

In this action, plaintiffs assert claims for statutory damages under the Federal Wiretap Act, 18 U.S.C. § 2510, *et seq.*, and under Nebraska law, Neb. Rev. Stat. § 86-297 (Reissue 2008). Plaintiffs also seek damages for invasion of privacy and mental suffering. In this motion, the Divingnzzos contest the constitutionality of the federal and state statutes.

## II.  DISCUSSION

State and federal law[2] provide private causes of action for the illegal interception, disclosure, or use of electronic communications. Divingnzzos state that these statutes are unconstitutional, both facially and as applied to parents, because of their fundamental interest in decisions regarding the care, custody and control of Ellenna.

### A.  The Statutes

18 U.S.C. § 2510, which is the sole federal statute actually mentioned in Divingnzzos' brief, contains only definitions. The court guesses that Divingnzzos are challenging the validity of 18 U.S.C. § 2511(1)(a), which provides:

> Except as otherwise specifically provided in this chapter any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic

---

[1] *See* Neb. Rev. Stat. §§ 86-295 & 296 (Reissue 2008).

[2] The statutes specifically challenged in this motion are "18 U.S.C. 25:10 et sec [sic]" and "Neb. Rev. Stat. § 86-2103 et sec [sic]"  (Doc. 61, Divingnzzos' Brief at p. 3/4).

> communication ... shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

The procedures for recovering civil damages for violations of federal law appear in 18 U.S.C. § 2520. Section 2520(c)(2)(B) allows the recovery of "statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000."

As for the state statute currently under attack, the court guesses that the Divingnzzos are contesting the validity of Neb. Rev. Stat. § 86-2,103, which is cited in the Amended Complaint. Section 86-2,103 provides:

> **Mobile tracking device; use.**
>
> (1) A district court may issue a warrant or other order for the installation of a mobile tracking device, and such order may authorize the use of that device within the jurisdiction of the court and outside that jurisdiction if the device is installed in that jurisdiction.
>
> (2) For purposes of this section, mobile tracking device means an electronic or mechanical device which permits the tracking of the movement of a person or object.

Neb. Rev. Stat. § 86-290, also cited in the Amended Complaint, provides, in part:

> **Unlawful acts; penalty.** (1) Except as otherwise specifically provided in sections 86-271 to 86-295, it is unlawful to:
>
> (a) Intentionally intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept any wire, electronic, or oral communication;
>
> (b) Intentionally use, endeavor to use, or procure any other person to use or endeavor to use any electronic, mechanical, or other device to intercept any oral communication when (i) such device is affixed to, or otherwise transmits a signal through, a wire, cable, or other like connection used in wire communication or (ii) such device transmits communications by radio or interferes with the transmission of such communication;

>    (c) Intentionally disclose or endeavor to disclose to any other person the contents of any wire, electronic, or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic, or oral communication in violation of this subsection;
>
>    (d) Intentionally use or endeavor to use the contents of any wire, electronic, or oral communication, knowing or having reason to know that the information was obtained through the interception of a wire, electronic, or oral communication in violation of this subsection; or
>
>    (e) Having knowledge that an investigative or law enforcement officer has been authorized or has applied for authorization under sections 86-271 to 86-2,115 to intercept a wire, oral, or electronic communication, give notice or attempt to give notice of the possible interception to any person in order to obstruct, impede, or prevent such interception.

With certain exceptions, any person who violates § 86-290(1) is guilty of a Class IV felony. Section 86-290(2) states the circumstances and situations in which the interception of wire, electronic or oral communications is not unlawful.

Neb. Rev. Stat. § 86-297 provides a civil cause of action for the unlawful interception, disclosure, or use of wire, electronic or oral communications.  Remedies under this statute include "statutory damages of whichever is the greater of one hundred dollars a day for each day of violation or ten thousand dollars."  Neb. Rev. Stat. § 86-297(b)(ii).

### B. Facial Challenge

To succeed in their facial attack, Divingnzzos must establish that no set of circumstances exists under which the challenged statutes would be valid, or that the statutes lack any plainly legitimate sweep.  *See United States v. Stevens*, 130 S. Ct. 1577, 1587

(2010). Based on the contents of Divingnzzos' motion and brief, the court finds that they have failed to meet this burden.

### C. "As-Applied"

Divingnzzos next argue that the state and federal statutes are unconstitutional "as applied to parents, and, in particular, the Defendants Divingnzzo." (Doc. 61, Divingnzzos' Brief at p. 2/4). They argue that they "faced the potential of having their parental rights terminated for not taking steps to protect their children."[3] Citing *Edward J. DeBartolo Corp. v. Florida Gulf Cost Bldg. & Constr. Trades Council*, 485 U.S. 568, 575 (1988), Divingnzzos advise that enforcement of the statutes against them violates the "doctrine of constitutional avoidance." In *DeBartolo*, the Court stated that it would construe statutes to avoid constitutional questions unless such construction was plainly contrary to the intent of Congress. 485 U.S. at 575. This approach reflects the "prudential concern that constitutional issues not be needlessly confronted." *Id.* In this motion, Divingnzzos did not disclose the nature of any actual danger from which Ellenna ostensibly needed protection.

*Pollock v. Pollock*, 154 F.3d 601 (6th Cir. 1998), and *Scheib v. Grant*, 22 F.3d 149 (7th Cir. 1994), cited by the Divingnzzos, do not involve any constitutional challenges and are factually distinguishable from this case.

---

[3] The argument was made as to both defendants, although Sam Divingnzzo is not a parent of Ellenna and, as far as the court can tell, has no legal rights or obligations regarding Ellenna.

### D. Equal Protection

The "Equal Protection Clause," U.S. Const. amend. XIV § 1 provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

State statutes are presumed constitutional, and the party challenging constitutionality bears the burden to show otherwise. *Branson v. O.F. Mossberg & Sons, Inc.*, 221 F.3d 1064, 1065 n.4 (8th Cir. 2000) (citing *Fitz v. Dolyak*, 712 F.2d 330, 333 (8th Cir. 1983)). Divingnzzos have cited no authority establishing that "parents" have any fundamental constitutional right to engage in the behavior that is the subject of this lawsuit. When an equal protection claim is neither based on a "suspect class" nor grounded in a fundamental right, it is subject to a rational basis review. *See Gilmore v. County of Douglas*, 406 F.3d 935, 937 (8th Cir. 2005). Under the rational basis test, "state action is presumed constitutional and 'will not be set aside if any state of facts reasonably may be conceived to justify it.'" *More v. Farrier*, 984 F.2d 269, 271 (8th Cir. 1993).

Divingnzzos' argument that the Nebraska statutes violate the Equal Protection Clause is not persuasive.

## III.  CONCLUSION

While the Divingnzzos may be entitled to assert some statutory or other exception to the statutes at issue, their constitutional arguments are without merit.  Accordingly,

**IT IS ORDERED** that the motion of defendants, Dianna Divingnzzo and Sam M. Divingnzzo for a declaration of unconstitutionality (Doc. 60) is denied.

**DATED July 28, 2010.**

                              BY THE COURT:

                              s/ F.A. Gossett
                              **United States Magistrate Judge**