IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM DUANE LEWTON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 8:09CV2 |
| vs. ) | |
| ) | ORDER |
| DIANNA DIVINGNZZO, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the renewed motion (Doc. 108) of defendants, Dianna Divingnzzo and Sam M. Divingnzzo ("Divingnzzos") to compel the production of subpoenaed documents from the Nebraska Department of Health and Human Services ("NDHHS").

In general, the procedure for procuring compliance with a third-party subpoena is as follows. Under the Local Rules of Practice, NECivR 45.1(a), the party or parties requesting third-party discovery (here, the Divingnzzos) must begin by serving notice to the other parties (here, the plaintiffs and the codefendants) of their intention to serve the third-party subpoena (*see* Fed. R. Civ. P. 45(b)(1)). The notice must state "the name and address of the nonparty being subpoenaed, the documents or items to be produced or inspected, the time and place for production or inspection, and the date on which the subpoena will issue." NECivR 45.1(a). The adverse parties then have 7 days to serve written objections to the proposed subpoena. NECivR 45.1(b).

If objections are served, then the proposed subpoena may not be issued until all objections are resolved by the court; however, the court will not rule on any objections unless a party files an appropriate motion in accordance with NECivR 7.0.1.[1]

---

[1] The court notes that on September 23, 2010, plaintiffs' counsel filed an Objection (Doc. 99) to the issuance of subpoenas upon Patricia Wicks, Christine Baccari, Stephanie Peterson, and Layne Prest. No party has filed an appropriate motion to obtain a ruling on the objection. In any event, plaintiffs' objection does not appear to be relevant to Divingnzzos' present attempt to subpoena records from NDHHS.

If no objections are served by a party to the lawsuit, then the requesting party (here, the Divingnzzos) may go ahead and serve the subpoena on the nonparty (here, NDHHS) in accordance with Fed. R. Civ. P. 45.

Once a third-party subpoena is actually served, then the recipient may elect to produce the information in accordance with Rule 45(d), serve objections under Rule 45(c)(2)(B), move to quash the subpoena under Rule 45(c)(3), or request a protective order under Fed. R. Civ. P. 26(c). If there are legitimate grounds to do so, parties to the lawsuit may also move to quash the subpoena under Rule 45(c)(3) or for a protective order under Rule 26(c). If the nonparty (here, NDHHS) responds to the subpoena by serving objections, then the serving party (here, the Divingnzzos) bears the burden of going forward by moving for an order compelling production or inspection. Fed. R. Civ. P. 45(c)(2)(B)(i).

In this instance, the record shows that Divingnzzos are attempting to procure from NDHHS "the complete file for Dianna Divingnzzo, DOB: [redacted] and Ellenna Divingnzzo, DOB: [redacted]." Notice to this effect was served on NDHHS on August 20, 2010 (*see* Doc. 108-1), but was not served on the other parties to this lawsuit until September 15, 2010 (*see* Doc. 101-1 at ¶ 2)[2]. Divingnzzo's prior motion to compel (Doc. 101, filed 10/6/2010), incorporated an unsigned "subpoena" commanding NDHHS to produce the records on or before October 30, 2010.

Although the Divingnzzos advised NDHHS as early as August 20, 2010 that they intended to request certain files by subpoena, the record does not show that any subpoena was actually served on NDHHS. Rather, an attorney for NDHHS (which is not a party to this lawsuit) states by affidavit that he received Divingnzzos' attorney's "Notice of Subpoena to the Department of Health and Human Services on the 20th of August, 2010."

Based on prior experience, the court assumes that NDHHS is under some obligation to raise objections based on statutory privileges or requirements[3] when it is served with

---

[2] Moving counsel advises that the other parties to this lawsuit do not object to Divingnzzos obtaining these records from NDHHS. (Doc. 108).

[3] NDHHS is subject to many confidentiality requirements. For example, in *Fletcher v. Brown County*, Case No. 7:05cv5024, at Doc. 245, NDHHS moved for a protective order, asserting that its

subpoenas for confidential client records. In this instance, it does not appear that any subpoena has been served; thus, the actual objections of NDHHS, if any, are not of record. If it turns out that Divingnzzos actually did serve a subpoena on NDHHS, and NDHHS failed to respond or served written objections as required by Fed. R. Civ. P. 45, then Divingnzzos would bear the burden of filing a motion to compel compliance with the subpoena. That would entail filing an evidence index with authenticated copies of the subpoena, information about exactly when it was served, and a verbatim copy of NDHHS' written objections. *See* NECivR 45.1(b) and 7.0.1.

In summary, the court will not prospectively order NDHHS to produce confidential records pursuant to a subpoena that has not been served, without any kind of protective order, based on moving counsel's advice that NDHHS "just needs an Order from the Court before turning over the documentation requested by the Subpoena."

Defendants' motion to compel (Doc. 108) is denied.

**DATED November 2, 2010.**

                                        **BY THE COURT:**

                                        s/ F.A. Gossett, III
                                        **United States Magistrate Judge**

---

records are confidential and protected by state and federal law, specifically Neb. Rev. Stat. §§ 28-719, 28-725, 28-726, 28-730, 43-3001 and 43-2,108 and the Child Abuse and Prevention Act (CAPTA), 42 U.S.C. § 5101, *et seq. See also* Neb. Rev. Stat. §§ 81-669, 83-109 & 84-712.05.