IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WILLIAM DUANE LEWTON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 8:09CV2 |
| vs. | ) | |
| | ) | ORDER |
| DIANNA DIVINGNZZO, et al., | ) | (Briefing Schedule) |
| | ) | |
| Defendants. | ) | |

On September 23, 2010, plaintiffs filed an objection (#99) to the issuance of subpoenas upon (1) Patricia Wicks, (2) Christine Baccari, (3) Stephanie Peterson, and (4) Layne Prest. The grounds for the objection are based on relevance and privilege under the psychotherapist-patient privilege, counselor-client privilege, and the physician-patient privilege, *see* Neb. Rev. Stat. § 27-504 (Reissue 2007).

On November 16, 2010, defendants Dianna Divingnzzo and Sam Divingnzzo filed a motion (#112) to overrule plaintiffs' objections. Although this is a discovery motion, the Divingnzzos did not show compliance with NECivR 7.0.1(i)[1] and did not supply the information required by NECivR 7.0.1(i)(2)[2]. Since the motion itself contains no discussion

---

[1] "To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons." NECivR 7.0.1(i)

[2] "A discovery motion must include in the motion or an attachment a verbatim recitation of each interrogatory, request, answer, response, or objection that is a subject of the motion." NECivR 7.0.1(i)(2).

of authority pertaining to the privileges raised in plaintiffs' objections, the court will not treat the motion as a brief.

No party has filed an evidence index with copies of the proposed subpoenas.

In the interests of judicial economy,

**IT IS ORDERED** that Plaintiffs shall file a response to Divingnzzos' motion (#112) no later than **November 30, 2010.** Plaintiffs' response shall include a brief in support of their objections to the proposed subpoenas and an evidence index containing copies of the subpoenas at issue. Since the Divingnzzos did not file any brief supporting the substantive issues raised in their motion, no reply brief is allowed, *see* NECivR 7.0.1(c), and the motion will be deemed submitted upon the filing of plaintiffs' response.

**DATED November 17, 2010.**

                                  **BY THE COURT:**

                                  s/ F.A. Gossett, III
                                  **United States Magistrate Judge**