## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **WILLIAM DUANE LEWTON,** personally, and as father and next friend of Ellenna M. Lewton, a minor child, **ADRIANNE STANG, JENNIFER HOLTBERG, ROB FORMANEK, RITA WATSON, and TAMMY JONES,**<br><br>        **Plaintiffs,**<br><br>    V.<br><br>**DIANNA DIVINGNZZO, SAM M. DIVINGNZZO, WILLIAM BIANCO, CHRISTOPHER PERRONE, and BIANCO, PERRONE & STROH, LLC,**<br><br>        **Defendants.** | **8:09CV02**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on the Motion to Amend/Alter Judgment (filing 167) filed by Defendants Dianna Divingnzzo and Sam Divingnzzo and Plaintiffs' Motion for Attorney Fees and Costs (filing 174). For the reasons set forth below, Dianna Divingnzzo and Sam Divingnzzo's Motion to Amend/Alter Judgment will be denied and Plaintiffs' Motion for Attorney's Fees and Costs will be granted, in part, and denied, in part.

## BACKGROUND

This case arose out of a custody dispute between Plaintiff William Duane ("Duke") Lewton and Defendant Dianna Divingnzzo ("Dianna") over custody of their minor child, Ellenna. Shortly after the state court granted Duke the right to have unsupervised visits with Ellenna, Dianna inserted a recording device inside Ellenna's teddy bear and secretly recorded conversations during Ellenna's visits with her father. Dianna provided the recordings to her father, Sam Divingnzzo, who then transcribed the recordings. Dianna ultimately provided the tape recordings and transcripts to Defendant William Bianco ("Bianco"), her attorney in

the custody case. Bianco generally discussed the existence of the recordings with his law partner, Defendant Christopher Perrone ("Perrone"). Bianco also disclosed the materials to the state court judge presiding over the custody dispute and Duke's attorney. Plaintiffs subsequently brought this suit against the Divingnzzos, Bianco, Perrone and Bianco's law firm, Bianco, Perrone & Stroh, LLC, alleging violations of state and federal wire-tapping laws and state invasion of privacy claims. (Filings [1](), [63]().)

By order dated February 18, 2011, this court found that the Divingnzzos and Bianco violated Title III of the Omnibus Crime Control and Safe Streets Act of 1968**,** as amended, [18 U.S.C. § 2510](), *et seq*. ("Title III" or the "Wiretap Act"). ([Filing 166]().)  The court assessed statutory damages against the Divingnzzos in the amount of $120,000. Punitive damages were not awarded. The court declined to assess any damages against Bianco because he "did not solicit or advise the Divingnzzos to intercept the plaintiffs' oral communications. While he disclosed the illegally-obtained materials to advance his client's position in the Custody Case, the court did not consider the materials. The other recipients returned the materials unread or maintained the confidentiality of the communications." (*[Id.]()*) The court also concluded that "Christopher Perrone, and the law firm of Bianco, Perrone & Stroh, LLC, did not violate the Wiretap Act in any respect." (*[Id.]()*) The court declined to exercise jurisdiction over Plaintiffs' state law claims.

In the February 18, 2011 order, the parties were advised that Plaintiffs may recover a reasonable attorney's fee and other litigation costs reasonably incurred in the prosecution of their claims. (*[Id.]()*) Pursuant to the order, Plaintiffs had until March 15, 2011, to file a request for fees. (*[Id.]()*) Plaintiffs' present motion requesting fees was timely filed on March 15, 2011, and requests attorney's fees in the amount of $68,710.50 and costs in the amount of $6,217.12, for a total award of $74,927.62. ([Filing 174.]())

### ANALYSIS

**I.     Motion to Amend/Alter Judgment**

As an initial matter, the court directs its attention to the Divingnzzos' Motion to Amend/Alter Judgment ([filing 167]()). In a two-page brief, the Divingnzzos request that this

2

court reconsider (1) its ruling with respect to the constitutionality of 18 U.S.C. § 2510, et seq. and Neb. Rev. Stat. § 86-2,103, et seq.; (2) its decision to award damages to Plaintiffs when that was not an issue addressed in Plaintiffs' motion for partial summary judgment; (3) its finding of liability on the part of Sam Divingnzzo; and (4) its decision based on newly discovered evidence.

The court has considered each of the issues raised by the Divingnzzos in their instant motion and, based on its present review, as well as the reasons expressed in its previous orders (filings 97 & 166), the court finds each of the Divingnzzos' arguments without merit. Accordingly, the Divingnzzos' Motion to Amend/Alter Judgment (filing 167) will be denied.

## II.     Motion for Attorney's Fees and Costs

Pursuant to 18 U.S.C. § 2520, a plaintiff in a civil action alleging Title III violations may recover "a reasonable attorney's fee and other litigation costs reasonably incurred." 18 U.S.C. § 2520(a),(b)(3). Having succeeded, at least in part, on their claims under Title III, the court concludes that an award of attorney's fees and costs to Plaintiffs is appropriate. However, for the reasons set forth below, the court will not assess such fees to all of the defendants named in this action.

### 1.     *Defendants Dianna Divingnzzo and Sam Divingnzzo*

Plaintiffs were successful in their claims against the Divingnzzos and were awarded statutory damages on these claims. Given the success of Plaintiffs' claims against the Divingnzzos, and the circumstances surrounding this case, particularly the large amount of discovery and documents involved, the court will order these defendants to pay reasonable attorney's fees and costs.

The court has reviewed Plaintiffs' itemization of costs and fees and concludes that both the time spent and the monetary rates/costs assigned are customary and reasonable. Also, because the claims against each of the defendants involved the same evidence, the court finds it unnecessary to adjust the fee award for Plaintiffs' failure to prove its claims against Christopher Perrone, and the law firm of Bianco, Perrone & Stroh, LLC. Therefore,

as against the Divingnzzos, the court will award Plaintiffs attorney's fees in the amount of $68,710.50 and costs in the amount of $6,217.12, for a total award of $74,927.62.

Through its present motion, Plaintiffs also request that the court award them the attorney's fees and costs incurred in filing a motion to compel discovery (filing 65). Because the costs associated with the discovery motion are itemized in Plaintiffs' overall request for fees, the court will not assess additional fees for the time spent on the discovery motion.

### 2.     *Defendant William Bianco*

The court will deny Plaintiffs' request for attorney's fees and costs as to Defendant Bianco. Although the court determined that Bianco violated the Wiretap Act, it declined to assess statutory damages against him. The court recognized that Bianco did not act improperly in disclosing the recordings to the judge in the custody proceeding in order to obtain a ruling on their admissibility and that he had an obligation to inform Duke's attorney in the custody action about the recordings. The court additionally noted that despite their disclosure, the judge did not review the materials and the other parties to whom they were disclosed maintained their confidentiality.

The Eighth Circuit Court of Appeals has recognized that a district court does not abuse its discretion in refusing to award attorney's fees and costs when the plaintiff fails to succeed on his or her claim for statutory and punitive damages. *See Morford v. City of Omaha*, 98 F.3d 398 (8th Cir. 1996) (affirming district court's denial of claim for attorney's fees and costs, despite a verdict in plaintiff's favor, because plaintiff's claim for statutory and punitive damages was denied). *See also Bess v. Bess*, 929 F.2d 1332, 1335 (8th Cir. 1991) (stating that a district court would not abuse its discretion in excluding from a fee award "time spent in unsuccessfully seeking amended statutory damages and punitive damages."). Accordingly, the court declines to assess attorney's fees and costs against Bianco.

### 3.     *Defendants Christopher Perrone and Bianco, Perrone & Stroh, LLC*

Plaintiffs did not prove that Defendants Perrone and the law firm, Bianco, Perrone & Stroh, LLC, violated the Wire Tap Act in any respect. Therefore, Plaintiffs' motion for costs

and attorney's fees as to these Defendants will also be denied.

**IT IS ORDERED:**

1. **Dianna Divingnzzo and Sam Divingnzzo's Motion to Amend/Alter Judgment (filing 167) is denied;**

2. **Plaintiffs' Motion for Attorney Fees and Costs (filing 174) is granted, in part, and denied, in part;**

3. **Plaintiffs are awarded attorney's fees in the amount of $68,710.50 and costs in the amount of $6,217.12 against Defendants Dianna Divingnzzo and Sam Divingnzzo, for a total award of $74,927.62.**

4. **Plaintiffs' request for attorney's fees as to Defendants William Bianco, Christopher Perrone and Bianco, Perrone & Stroh, LLC is denied.**

**DATED May 17, 2011.**

                                                  **BY THE COURT:**

                                                  **S/ F.A. Gossett**
                                                  **United States Magistrate Judge**